UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-61854-Cohn/Seltzer

ILENE ROSENTHAL,

    Plaintiff,

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY, FLORIDA,
JAMES NOTTER, as superintendent, and
JANE DOES 1 and 2,

    Defendants.
_____/

## DEFENDANT SCHOOL BOARD'S MOTION FOR SUMMARY JUDGMENT

The Defendant, THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, (James F. Notter, as Superintendent was dismissed by the Court on February 19, 2009), ("SCHOOL BOARD"), by and through their undersigned attorneys and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure respectfully move this Court to grant judgment in favor of the School Board, and in support thereof state as follows:

## BACKGROUND

The Amended Complaint filed on December 10, 2008 contains five counts. Counts II and III are federal claims and Counts I, IV, V are state tort claims over which this Court exercises supplemental jurisdiction. Plaintiff worked for the School Board for approximately 28 years. She alleges that when employed at the School Board during the 2003-2004 school year, the Principal and Assistant Principal at Tedder Elementary created a hostile environment which led to her resignation. She alleges that the actions by the school administrators were motivated by age discrimination and disability discrimination –the alleged disability is depression.

1

Plaintiff was placed on a Performance Development Plan (PDP) during the 2002-2003 and 2003-2004 school years in order to improve performance areas related to her teaching. On or about March 2004, Plaintiff received an unsatisfactory rating in that she had not shown improvement in the performance areas of concern. Pursuant to Florida Statute 1012.34 (3) (d) 2 b, the Principal recommended that the Superintendent recommend termination of Plaintiff's employment contract. Prior to termination, Plaintiff entered into an agreement with the School Board and the Broward Teachers' Union where she was allowed to resign in lieu of termination, she was permitted to take a two year disability leave and in turn Plaintiff agreed to relinquish all claims related to the separation of employment. After the two year leave, Plaintiff alleges that she attended a job fair with the School Board of Broward County and attempted to become re-employed by the District. However, she believes that a poor recommendation from the Assistant Principal at Tedder prevented her from obtaining a job at Oakland Park Elementary, another Broward County School. Plaintiff did not apply with any other employers. Plaintiff is not presently working.

Count I alleges Tortious Interference with a Business Relationship, Count II is for an alleged violation of the American With Disabilities Act (ADA), Count III alleges violation of the Age Discrimination in Employment Act (ADEA), Counts IV, and V of Plaintiff's Complaint set forth allegations of Negligent Supervision, and Negligent Infliction of Emotional Distress. All the state claims require notice pursuant to Florida Law, the federal claims require compliance with the statute of limitations, and the exhaustion of administrative remedies. Plaintiff failed to meet these requirements. Therefore, the Amended Complaint should be dismissed with prejudice.

## MOTION

1. Counts I, IV, and V of the Amended Complaint sound in state tort claims. Plaintiff never filed a presuit notice with the School Board or the Department of Financial Services as it is required by Florida Statute 768.28. In addition, the three years from the accrual of the cause of action lapsed prior to Plaintiff filing this lawsuit, and Plaintiff is no longer able to file a presuit notice, therefore Counts I, IV, and V should be dismissed as a matter of law.

2. Count II claiming alleged violation of the Americans With Disabilities Act (ADA) was not brought within 90 days from receipt of the EEOC's Right-to-Sue letter, and it exceeds the scope of the Charge, therefore Count II should be dismissed as a matter of law.

3. Plaintiff failed to exhaust administrative remedies as to Count III for alleged violation of the Age Discrimination in Employment Act (ADEA), therefore Count III should be dismissed as matter of law.

WHEREFORE, the SCHOOL BOARD requests that this Court grant this Motion for Summary Judgment as to all Counts in the Amended Complaint, and dismiss this case with prejudice.

## UNDISPUTED MATERIAL FACTS

The following facts are undisputed for purposes of this Motion:

1. Plaintiff filed this case in the County Court of the 17th Judicial Circuit in and for Broward County on October 10, 2008, Case Number 08048758. [DE 1]

2. The School Board timely removed the case to the Southern District of Florida on November 18, 2008. [DE 1]

3. The initial Complaint and the Amended Complaint contained no dates as to when any of the events alleged occurred. [DE 1, 11]

4. Ilene Rosenthal, the Broward Teachers' Union, and the School Board entered into a binding Agreement in March 2004 where Plaintiff agreed to resign in lieu of termination of her employment, and was allowed to take a two year disability leave. (Plaintiff's dep., Exhibit 4, page 259).

5. Ilene Rosenthal resigned from employment, and signed a release relinquishing all claims related to the termination of her contract on March 16, 2004, the date when the School Board of Broward County, Florida approved the Superintendent's recommendation. (Plaintiff's dep., page 96, Exhibit 4, page 259).

6. Plaintiff has not applied for any jobs with any employers, other than with the School Board of Broward County since she irrevocably resigned from the School Board effective June 11, 2004. (Plaintiff's dep. 53, 54, 131, 132).

7. Plaintiff did not work and went on disability leave for 2 years after her resignation. (Plaintiff's dep. 32, 33 ).

8. Plaintiff attended a Broward County School Board Job Fair in 2006, two years after she resigned. (Plaintiff's dep. 56)

9. Plaintiff filed Charge No. 200420B2B claiming disability discrimination with the Florida Commission on Human Relations on December 29, 2003. (Plaintiff's dep., Exhibit 10).

10. Plaintiff stated in her deposition that FCHR Charge No. 200420B2B is the only charge of discrimination she has ever filed. (Plaintiff's dep., page 106).

11. Plaintiff received a Right-to-Sue Letter from the EEOC on or about September 24, 2004 related to the above Charge. (Plaintiff's dep., Exhibit 10).

12. The Department of Management Services has no record of any notice of intent being filed by Ilene Rosenthal pursuant to Fla. Stat. 768.28. (See Affidavit of Marc Stemle dated January 30, 2009).

13. The School Board has no record of any notice of intent being filed by Ilene Rosenthal pursuant to Fla. Stat. 768.28. (See Affidavit of Jeff Moquin dated May 20, 2009).

## **MEMORANDUM OF LAW**

## **STANDARD OF REVIEW**

Summary Judgment is proper pursuant to Federal Rule of Civil Procedure 56(c) "if there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to salvage the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id.

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; to defeat a motion for summary judgment, the non-moving party must affirmatively set forth facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party who does not have the burden of proof at trial "need provide nothing more than a reference to

5

those materials on file in the case which support the movant's belief that there is an absence of any genuine issues of material fact." Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990).

The pleadings, depositions, and answers to interrogatories, together with the admission and other documents on file conclusively prove that there is no genuine issue as to any material fact and that The SCHOOL BOARD is entitled to Summary Judgment as a matter of law.

## ARGUMENT

**1.     Plaintiff failed to comply with the notice requirements of Fla. Stat. 768.28(6) as to Counts I, IV, and V, which is a condition precedent to maintaining a lawsuit against a governmental entity.**

Counts I, IV, and V of Plaintiff's Complaint set forth allegations of Tortious Interference, Negligent Supervision, and Negligent Infliction of Emotional Distress by THE SCHOOL BOARD. Section 768.28 of the Florida Statutes sets forth the conditions by which "the state, for itself and for its agencies or subdivisions" waives sovereign immunity with respect to its liability for torts. Fla. Stat. § 768.28(1). Specifically, it provides that "an action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also… presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services denies the claim in writing." Fla. Stat. § 768.28(6).  As such, the requirements of notice to the agency and denial of claim by the Department of Financial Services are conditions precedent to maintaining an action.  Id.  *Diversified Numismatics, Inc. v. City of Orlando, Fla.,* 783 F.Supp. 1337, 1347 (M.D.Fla.1990) (citing *Commercial Carrier Corp. v. Indian River County,* 371 So.2d 1010, 1022-23 (Fla.1979).  THE SCHOOL BOARD is a political subdivision of the State of Florida created by Article IX, Section 4, of the Florida

Constitution and Florida Statutes §§ 1001.31 and 1001.40.  Fla. Const. Art. IX, §4; Fla. Stat. §§1001.31, 1001.40, Fla. Stat. § 1.01.

It is impossible to determine, from the four corners of the Complaint, when Plaintiff's claims accrued because the Complaint is void of any dates.  However, Exhibit 4 to Plaintiff's deposition states that she resigned from employment effective June 11, 2004. Plaintiff failed to send notice to THE SCHOOL BOARD or the Department of Financial Services regarding her claims of Tortious Interference, Negligent Supervision, or Negligent Infliction of Emotional Distress prior to commencing this action. Marc Stemle, the Risk Management Program Administrator for the Department of Financial Services searched the Department's records for any notice filed by Ms. Rosenthal from 2000 to 2009. He concluded that no notice had been filed. Similarly, the School Board's Executive Director of Support Operations searched the District's records and could not find any filing by Ms. Rosenthal providing the District notice of her intent to sue. (See Affidavits of Stemle and Moquin filed concurrently with this Motion).

In <u>Fletcher v. City of Miami</u>, the Honorable Judge Altonaga held that where the time for notice of claim to the state has expired so that it is apparent that plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice. <u>Id.</u> 567 F. Supp. 2d 1389 (S.D. Fla. 2008). More than 3 years have lapsed since Plaintiff's claims accrued in that she should have filed with the Department of Financial Service no later than June 11, 2007. Thus, she can no longer meet the conditions to maintain these claims.

Therefore, Counts I, IV, and V of Plaintiff's Amended Complaint should be dismissed with prejudice.

**2.   Count II claiming alleged violation of the Americans with Disabilities Act (ADA) was not brought within 90 days from receipt of the EEOC's Right-to-Sue letter, and it exceeds the scope of the Charge.**

    **a. <u>The ADA claim was not brought within 90-days of receipt of the right to sue letter.</u>**

Count II of Plaintiff's Complaint for an alleged violation of the Americans with Disabilities Act (ADA) alleges that Plaintiff was forced to resign due to a hostile environment because of her disability of depression. (Amended Complaint, par. 19, 24). The ADA incorporates the enforcement mechanisms contained in Title VII. Plaintiff's claims are subject to the 90 day statute of limitations contained in 42 U.S.C. § 2000e-(f)(1). *See* 42 U.S.C. § 12117(a); *see also Zillyette v. Capital One Financial Corp.,* 179 F.3d 1337, 1339 (11th Cir.1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964"). In the Eleventh Circuit and other circuits a Plaintiff who files administrative charges is bound by the statute of limitations, which is stated in the right-to-sue letter. <u>Judkins v. Beech Aircraft Corporation</u>, 745 F.2d 1330 (11th Cir. 1984); <u>Norris v. Florida Department of Health and Rehabilitative Services</u>, 730 F.2d 682 (11th Cir. 1984); <u>Winbush v. State of Iowa</u>, 66 F.3d 1471, 1486 (8th Cir. 1995), <u>Anderson v. Unisys Corp.</u>, 47 F.3d 302, 309 (8th Cir. 1995).

In this case the Notice of Right to Sue was mailed to Plaintiff on September 24, 2004. (See Plaintiff's dep., Exhibit 11). The end of December 2004 would have been approximately 90 days, and the time when Ms. Rosenthal should have filed a timely suit in court. Plaintiff filed the instant case four (4) years from the date of the notice, October 10, 2008. She failed to file her lawsuit within the 90-day time limitation as provided in the Notice of Right to Sue issued by the EEOC and sent by the EEOC on September 24, 2004.

Therefore, Count II should be dismissed with prejudice.

### b. **Violations alleged in Amended Complaint are outside the scope of the charge**

Count II alleges facts which are not contained in the charge of discrimination filed with the FCHR.  Discrimination claims asserted under Florida Statutes § 760.11 are evaluated under the same framework as that of Title VII.  Paldano v. Althin Medical, Inc., 974 F. Supp. 1441, 1446 n.4 (S.D. Fla. 1996).  The scope of any judicial proceeding is limited to those allegations raised in the claimant's charge to the commission, or those allegations that can be reasonably expected to grow out of the charge.  Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988).  "An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, then seek judicial relief for different instances of discrimination."  Weaver v. Florida Power & Light, 1996 WL 479117 (S.D. Fla. 1996).  While a court should apply a liberal standard when considering the relationship between a charge and a judicial complaint, a claimant's lack of specificity in a charge precludes the claimant from later seeking judicial relief on the omitted claim.  Id. at 4.

Here, the Plaintiff listed only two allegations in her FCHR charge and those were regarding receiving more work than other teachers as a result of being placed on a Professional Development Plan (PDP) on January 28, 2003, and receiving an unsatisfactory evaluation on June 5, 2003.  However, Plaintiff's Amended Complaint alleges hostile environment caused by the Principal's mocking, and constructive discharge due to unbearable working conditions.  First, none of the allegations in the Amended Complaint reference the dates of January 28, 2003 or June 5, 2003 when the alleged PDP assignment, and evaluation took place according to the FCHR charge.  Second, all violations which are alleged in the Amended Complaint are outside the scope of the charge.  The claims asserted by the Plaintiff in her Amended Complaint are not raised in her FCHR charge and

can not be said to "reasonably grow out of" the allegation in his charge.  See Lieberman v. Miami-Dade County, 13 Fla. Weekly Fed. D 353 (Aug. 16, 2000) (simply mentioning word "harassment" in charge was not enough to have harassment claims in complaint fall within the scope of the charge); Robertson v. The Home Depot (U.S.A.), Inc., 976 F. Supp. 1467, 1476-77 (S.D. Fla. 1997) (allegations in charge complaining of termination were not enough to support a failure to promote claim in complaint); Weaver, 1996 WL 479117 at 11 (sexually discriminatory failure to hire claim in complaint was outside the scope of charge alleging termination based on sexual discrimination). The Plaintiff here only alleges two discriminatory acts in the placement on a PDP occurring on January 28, 2003, and receiving an unsatisfactory evaluation on June 5, 2003.  As a result all claims contained in the Amended Complaint fall outside the scope of the charge for two reasons.  First, none of the allegations in the Amended Complaint occurred on the dates contained in the FCHR charge, and second, the substantive basis of the allegations in the Amended Complaint do not "reasonably grow out of" the violation contained in the charge.

 Therefore, Counts II should be dismissed with prejudice

**3.Plaintiff failed to exhaust administrative remedies as to Count III - Age Discrimination in Employment Act (ADEA).**

Count III alleges that Plaintiff was discriminated against and suffered adverse employment action based on her age. Under the ADEA, an individual must exhaust available administrative remedies by "filing a charge of unlawful discrimination with the EEOC before filing a lawsuit."  Bost v. Fed. Express Corp., 372 F.3d 1233 (11th Cir. 2004); See 29 U.S.C. § 626. The only charge of discrimination filed by Plaintiff was on December 29, 2003. (Plaintiff's dep., page 106). That charge does not include any allegations of discrimination based on age. (Plaintiff's dep., Exhibit 10).  Because Florida is a deferral state, a charge must be filed within 300 days after the alleged unlawful discrimination occurred.  Id.  The most recent violation of the

statute could have happened only while Plaintiff was employed by the School Board, or when she allegedly applied to positions during a job fair she attended. Plaintiff resigned from employment effective June 11, 2004, and attended the job fair the year when her two year disability leave ended, 2006.  (Plaintiff's dep. Pp. 32, 33, 56, 96). At least three (3) years have lapsed. Plaintiff never filed a charge of discrimination with the EEOC or any other agency alleging age discrimination prior to commencing this action. More than 300 days have lapsed from the most recent possible violations, thus Plaintiff would not be able to file a charge at this point and exhaust administrative remedies because the statute of limitations has expired.

Therefore Count III should be dismissed with prejudice.

## CONCLUSION

Based on the aforementioned, summary judgment should be granted and the case should be dismissed with prejudice.

Dated:  May 21, 2009          Respectfully submitted,

Fort Lauderdale, Florida         EDWARD J. MARKO (Florida Bar No. 050447)
                                 MARYLIN BATISTA-McNAMARA
                                 (Florida Bar No. 0998257)

                                 By:_s/ Marylin Batista-McNamara
                                 MARYLIN BATISTA-McNAMARA
                                 Florida Bar No. 0998257
                                 marylin.batista@browardschools.com
                                 OFFICE OF THE SCHOOL BOARD ATTORNEY
                                 The School Board of Broward County, Florida
                                 K.C. Wright Administration Building
                                 600 Southeast Third Avenue - 11th Floor
                                 Fort Lauderdale, Florida 33301
                                 Telephone:    (754) 321-2050
                                 Facsimile:    (754) 321-2705
                                 Attorneys for Defendant THE SCHOOL BOARD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the 21st day of May 2009 on all counsel or parties of record on the attached service list.

By:_s/ Marylin Batista-McNamara
MARYLIN BATISTA-McNAMARA
Florida Bar No. 0998257

\\Gcacb2\General Counsel\Batista\ALLWORK\LITIGATION 2008\ROSENTHAL Ilene\federal court\Motions\M-SJ Am Comp 3-2009.doc

**SERVICE LIST**
CASE NO. 08-CV-61854-Cohn/Seltzer


EDWARD J. MARKO, ESQ.
emarko@browardschools.com
OFFICE OF THE SCHOOL BOARD ATTORNEY
The School Board of Broward County, Florida
K.C. Wright Administration Building
600 Southeast Third Avenue - 11th Floor
Fort Lauderdale, Florida 33301
Telephone:     (754) 321-2050
Facsimile:     (754) 321-2705
Attorneys for Defendant THE SCHOOL BOARD

MARYLIN BATISTA-McNAMARA, ESQ.
marylin.batista@browardschools.com
OFFICE OF THE SCHOOL BOARD ATTORNEY
The School Board of Broward County, Florida
K.C. Wright Administration Building
600 Southeast Third Avenue - 11th Floor
Fort Lauderdale, Florida 33301
Telephone:     (754) 321-2050
Facsimile:     (754) 321-2705
Attorneys for Defendant THE SCHOOL BOARD

JUSTIN M. PEARSON, ESQ.
PEARSON &ASSOCIATES, LLC.
5531 N. University Dr., Suite 101
Coral Springs, Florida 33067
Telephone: (954) 752-7334
Facsimile: (954) 752-7339
Attorney for Plaintiff ILENE ROSENTHAL